## 20338

Louis W. BRUMMER, Trustee, etc., Petitioner, v. BANKERS TRUST OF SOUTH CAROLINA et al., Respondents, of whom Bankers Trust of South Carolina. N. A. is, Appellant.

(231 S. E. (2d) 298)

22

*Messrs. R. Frank Plaxco* and *O. Doyle Martin,* of Green-ville, *for Appellant,*

*H. Spencer King, Esq.,* of Spartanburg, *for Respondent, The Manhattan Life Insurance Company,*

January 5, 1977.

GREGORY, Justice:

This appeal involves construction of a letter of credit. Judgment was entered for Manhattan Life Insurance Company, respondent, against Bankers Trust, appellant. We affirm.

Phillips Development Corporation obtained a commitment for a loan from Manhattan. One half of 2% commitment fee of Thirty-Five Thousand ($35,000.00) Dollars, charged by Manhattan, was paid in cash. The other half was

represented by an irrevocable letter of credit [1] issued by Peoples National Bank, predecessor to Bankers Trust.

Subsequently Phillips and Manhattan agreed to a reduction of the loan from One Million Seven Hundred Fifty Thusand ($1,750,000.00) Dollars to One Million Six Hundred Fifty Thousand ($1,650,000.00) Dollars. Phillips then went into bankruptcy prior to the commencement of construction on the project.

The trustee in bankruptcy for Phillips petitioned the lower court for: (1) an injunction to prevent Bankers Trust from honoring the letter of credit; (2) recovery of the Seventeen Thousand Five Hundred ($17,500.00) Dollars Phillips had paid to Manhattan. Both a master in equity and the trial court denied the petition.

---

[1]

The Peoples National Bank
Post Office Box 608
Greenville, South Carolina 29602
Irrevocable Letter of Credit

Manhattan Life Insurance Company
New York. New York

Re: Stoneridge Apartments

Gentlemen:

This is to advise that the Peoples National Bank of Greenville, South Carolina, does unconditionally issue this letter of credit up to the amount of $17,500.00 to Phillips Development Corporation in connection with the development of their project as referenced above. This credit covers standby fee required before issuance of the long term agreement between you and the accountee.

The amount of this credit is available to you against presentation of your signed statement that you incurred liability due to the failure of Phillips Development Corporation to deliver in accordance with and within the time period called for in the contract and respective letter of credit. Terms of the commitment would extend from March 22, 1973, to April 1, 1974, or until the project has been completed should that occur prior to April 1, 1974.

PEOPLES NATIONAL BANK
By: Marshall C. Pickens
Attest: L. L. Jepson

CC: Phillips Development Corporation
P. O. Box 1290
Gaffney, South Carolina 29340

The construction of the following portion of the letter of credit is first presented: "The amount of this credit is available to you against presentation of your signed statement that you incurred liability due to the failure of Phillips . . . to deliver in accordance with . . . respective letter of credit."

Appellant asserts that the letter mandates payment only if Manhattan incurred monetary loss due to Phillips' failure to fulfill its obligation to Manhattan. Appellant further maintains that Manhattan actually benefited as interest rates increased subsequent to the date of the commitment.

We do not so construe the letter. The bank agreed to issue the letter of credit cognizant that it was issued in lieu of the balance of the commitment fee. A "commitment fee" is merely the price a borrower pays for the lender's reservation of its funds. *Regional Enterprises, Inc. v. Teachers Insurance and Annuity Association,* 352 F. (2d) 768, 771 (9th Cir. 1965); *Chambers and Co. v. The Equitable Life Assurance Society,* 224 F. (2d) 338, 343 (5th Cir. 1955); *Goldman v. Connecticut General Life Insurance Co.,* 251 Md. 575, 248 A. (2d) 154, 158 (1968). Hence, the bank knew it would be expected to pay its obligation under the letter of credit if the loan were not closed due to any reason other than Manhattan's breach of its commitment. The letter does not refer to "actual monetary loss."

Bankers Trust next argues that the letter of credit is a "standby" letter of credit and that the reduction of One Hundred Thousand ($100,000.00) Dollars was a material change in the commitment contract of which it should have been apprised. Therefore, appellant argues it is relieved of the obligation to pay.

We hold that the instrument was a letter of credit as defined by the Uniform Commercial Code, Section 10.5-102 (1) (c) and 10.-5-103(1) (a), Code of Laws, 1962, as amended. When Manhattan complied with the terms of the

letter by its demand for payment, Bankers Trust incurred a legal obligation to honor the demand. Section 10.5-114(1), Code of Laws, 1962, as amended.

Appellant also argues that Manhattan abandoned the commitment contract by demanding payment before the end of the term of the commitment. The trial court held that there was no abandonment in view of Phillips' bankruptcy. We agree.

Judgment shall be affirmed against Bankers Trust for the balance due under the letter of credit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.