23725

SOUTHERN PLASTICS COMPANY, Respondent v.
SOUTHERN COMMERCE BANK, Appellant.

(423 S.E. (2d) 128)

Supreme Court

*H. Hugh Rogers*, of Lexington, and *Phillip J. Halley*, Milwaukee, Wis., *for appellants.*

*Henry W. Brown*, of *Nexsen, Pruet, Jacobs & Pollard*, Columbia, *for respondent.*

Submitted June 5, 1992.

Decided Oct. 5, 1992.

HARWELL, Chief Justice:

Appellant Southern Commerce Bank (the Bank) appeals from the trial judge's denial of its motion to dismiss for lack of personal jurisdiction in this suit initiated by respondent Southern Plastics Company (Southern) for failure to honor a letter of credit. We reverse. In addition, we take this opportunity to adopt the due process analysis articulated by the United States Supreme Court in regard to the exercise of personal jurisdiction. In so doing, we discard our prior four-part test in order to ensure that the courts of this State may exercise personal jurisdiction over foreign defendants to the limits of due process.

## I. FACTS

The Bank is located in Tampa, Florida. Southern, a manufacturing facility, is located in South Carolina. Southern agreed to sell goods on credit to one of the Bank's customers, Media Cell of America, Inc. (Media Cell), a company located in Tampa, Florida. However, Southern refused to extend credit to Media Cell without additional security for payment. As a result, Media Cell obtained a letter of credit from the Bank in the amount of $11,539.00, naming Southern as the beneficiary. The letter of credit provided that it was available for draft by Southern drawn at sight on the Bank at its office in Tampa, Florida.

In its complaint, Southern alleges that the Bank wrongfully dishonored its demand for payment under the letter of credit. The Bank filed a motion to dismiss for lack of personal jurisdiction. After a hearing, the trial judge denied the Bank's motion to dismiss.

## II. DISCUSSION

The party seeking to invoke personal jurisdiction against a foreign corporation by utilization of our long-arm statute has the burden of establishing jurisdiction. *Aviation Associates & Consultants, Inc. v. Jet Time, Inc.,* 303 S.C. 502, 505, 402 S.E. (2d) 177, 179 (1991). The determination of whether a court may exercise personal jurisdiction over a nonresident involves a two-step analysis. First, the trial judge must determine that the South Carolina long-arm statute applies. Second, the trial judge must determine that the nonresident's contacts in South Carolina are sufficient to satisfy due process requirements. *Id.* Here, the trial judge did not address whether either step of the analysis was satisfied. Instead, the trial judge found that this Court's decision in *Atlantic Soft Drink Co. v. South Carolina National Bank,* 287 S.C. 228, 336 S.E. (2d) 876 (1985), was controlling, and, as a result, determined that the exercise of personal jurisdiction over the Bank was proper. We disagree.

In *Atlantic Soft Drink,* the National Bank of North America (NBNA), a New York bank, issued a letter of credit to Atlantic Soft Drink (Atlantic), a South Carolina corporation. The letter of credit provided that drafts on the letter of credit were to be submitted through South Carolina National Bank ("SCN"). In order to effect the terms of the letter of credit, NBNA established a correspondent relationship with SCN. Atlantic received payment on the first draft by way of a cashier's check issued by SCN at NBNA's instruction. NBNA dishonored Atlantic's second and third drafts. Atlantic sued in South Carolina.

In the case at hand, the Bank did not have a similar relationship with a South Carolina bank. Moreover, the letter of credit did not provide for the presentation of drafts in South Carolina; rather, the letter of credit specifically provided for the presentation of drafts at the Bank's office in Tampa, Florida. Thus, we conclude that, contrary to the trial judge's ruling, *Atlantic Soft Drink* is not controlling in this case. Having determined that *Atlantic Soft Drink* is distinguishable, we turn to the question of whether South Carolina may exercise personal jurisdiction over the Bank under the facts of this case.

## A. LONG-ARM STATUTE

Our long-arm statute, S.C. Code Ann. § 36-2-803 (1976), has been construed to extend to the limits of due process. *Hammond v. Cummins Engine Co.*, 287 S.C. 200, 336, S.E. (2d) 867 (1985). Section 36-2-803(1)(a) gives South Carolina broad powers to exercise personal jurisdiction over a person as to a cause of action arising from the person's transacting any business in this State. We find that section 36-2-803(1)(a) applies to the facts of this case. Thus, the question becomes whether the exercise of personal jurisdiction over the Bank comports with due process.

In order for a court to exercise personal jurisdiction over a nonresident, due process requires that there exist minimum contacts between the defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Aviation*, 303 S.C. at 507, 402 S.E. (2d) at 180. In conducting this inquiry, the court must find that the defendant has the requisite minimum contacts with the forum. Without minimum contacts, the court does not have the "power" to adjudicate the action. *State v. Ford*, 208 S.C. 379, 38 S.E. (2d) 242 (1946). The court must also find that the exercise of jurisdiction is "reasonable" or "fair." *Id.* If either prong fails, the exercise of personal jurisdiction over the defendant fails to comport with the requirements of due process.

## B. POWER PRONG

The Bank claims that it has no offices in South Carolina and that it does not solicit business in South Carolina. Physical presence in the State is not required. *Clark v. Key*, 304 S.C. 497, 405 S.E. (2d) 599 (1991). Moreover, solicitation of business "is not a *sine qua non* of jurisdictional power." *Jacobs v. Association of Independent Colleges and Schools*, 265 S.C. 459, 467, 219 S.E. (2d) 837, 841 (1975). The dispositive issue is whether the Bank possesses minimum contacts with South Carolina.

A minimum contacts analysis requires a court to find that the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities. *See Aviation*, 303 S.C. at 508, 402 S.E. (2d) at 180. A single act that causes harm in this State

may create sufficient minimum contacts where the harm arises out of or relates to that act. *See Colite Industries v. G.W. Murphy Const. Co.*, 297 S.C. 426, 377 S.E. (2d) 321 (1989). In addition, the defendant's activities directed to a resident of this State must be its own and not the unilateral activities of some other entity. *Aviation*, 303 S.C. at 507, 402 S.E. (2d) at 180. The defendant must purposefully avail itself of the privileges of conducting activities in this State, thus invoking the benefits and protections of our laws. *Aviation*, 303 S.C. at 508, 402 S.E. (2d) at 180; *see also White v. Stephens*, 300 S.C. 241, 387 S.E. (2d) 260 (1990).

Southern contends that minimum contacts were established when the Bank issued a letter of credit naming Southern as the beneficiary. We disagree.

Initially, we note that a letter of credit comprises an independent transaction between the bank issuing the letter and the beneficiary, distinct from the contract between the bank and its customer. *See* S.C. Code § 36-5-114 (1976); *see also Brummer v. Bankers Trust*, 268 S.C. 21, 231 S.E. (2d) 298 (1977). Although a letter of credit is distinguishable in many respects from a contract, White & Summers, *Handbook of the Law Under the Uniform Commercial Code*, 711 (2d ed. 1980), a letter of credit, when accepted and acted upon by the beneficiary, becomes a binding obligation governed by general principles of contract law. *See* 6b *Michie on Banks and Banking* ch. 12 § 30 (1992), and cases annotated therein. Thus, for purposes of our analysis, we find the reasoning of the United States Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed. (2d) 528 (1985), to be instructive:

> If the question is whether the individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on "mechanical" tests, or on "conceptualistic ... theories of the place of contracting or of performance." Instead, we have emphasized the need for a "highly realistic" approach that recognizes that a "contract" is "ordinarily but an intermediate step serving to

tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

*Id.* at 478-79, 105 S.Ct. at 2185, 85 L.Ed. (2d) at 544-45 (internal citations omitted). This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Hammond v. Butler, Means, Evins & Brown*, 300 S.C. 458, 388 S.E. (2d) 796, *cert. denied sub nom. Kramer v. Hammond*, ___ U.S. ___, 111 S.Ct. 373, 112 L.Ed. (2d) 335 (1990).

In this case, the Bank's nexus with South Carolina was extremely limited. The Bank had no direct dealings with Southern with respect to the issuance of the letter of credit. The Bank merely issued a letter of credit in Florida at the request of Media Cell, a Florida company. We conclude that the Bank's mere issuance of a letter of credit to Southern, standing alone, is insufficient to constitute an act by which the Bank purposefully established minimum contacts with South Carolina, and therefore could reasonably have anticipated being haled into court here. Consequently, we find that we do not have the power to exercise personal jurisdiction over the Bank. *Accord, Pacific Reliant Industries, Inc. v. Amerika Samoa Bank*, 901 F. (2d) 735 (9th Cir. 1990) (bank not subject to personal jurisdiction in Oregon simply because it issued a letter of credit in favor of an Oregon beneficiary; *Leney v. Plum Grove Bank*, 670 F. (2d) 878 (10th Cir. 1982) (Illinois bank, which issued a letter of credit at request of Illinois customer to a California resident as part payment for sale to a Colorado corporation of real property located in Colorado, could not be subject to suit in Colorado); *Occidental Fire & Casualty Co. v. Continental Illinois National Bank and Trust Co.*, 689 F. Supp. 564 (E.D. N.C. 1988) (nonresident bank not subject to suit in North Carolina when it dishonored a letter of credit to a resident beneficiary).

## C. FAIRNESS PRONG

We also discern that it would be unreasonable for South Carolina to exercise personal jurisdiction over the Bank in this case. In order to determine whether the exercise of jurisdiction over a foreign defendant is fair, we may look to the following factors, among others:

> the burden on the defendant[;] . . . the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient solution to controversies; and the shared interest of the several states in furthering fundamental substantive social policies.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed. (2d) 490 (1980) (internal citations omitted). *See also Ford*, 208 S.C. at 405, 38 S.E. (2d) at 254 (South Carolina cannot, consistent with due process, exercise jurisdiction which unduly impacts on interstate commerce).

Other courts have determined that "it is unfair to burden an issuing bank with having to defend litigation over a letter of credit in any state in which the bank could reasonably expect the credit to be used." *Leney*, 670 F. (2d) at 881. Holding a bank subject to personal jurisdiction based merely on its issuance of a letter of credit would unduly burden the bank by subjecting it "to suit in any state in which the bank could expect the credit to be used to buy goods or real estate." *Id.; accord H. Ray Baker, Inc. v. Associated Banking Corp.*, 592 F. (2d) 550 (9th Cir.), *cert. denied*, 444 U.S. 832, 100 S.Ct. 63, 62 L.Ed (2d) 42 (1979); *Empire Abrasive Equipment Corp. v. H.H. Watson, Inc.*, 567 F. (2d) 554 (3d Cir. 1977). We find that the exercise of personal jurisdiction over the Bank under the facts of this case would be unfair.

In sum, we hold that the exercise of jurisdiction in South Carolina over the Bank based merely on its issuance of a letter of credit to a South Carolina beneficiary would offend due process. The order of the trial judge is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.