**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Desa Ballard, as successor trustee of The Trust of Chris Combis, Appellant,

v.

Diane Combis, Chris A. Combis, Redding Jones PLLC, Simon John O'Brien, and Kent D. Jones, Defendants,

Of Which Redding Jones PLLC, Simon John O'Brien, and Kent D. Jones are Respondents.

Appellate Case No. 2018-002272

———————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-023
Heard December 7, 2021 – Filed January 12, 2022

———————

**AFFIRMED**

———————

Douglas Neal Truslow, of Truslow & Truslow of Columbia, for Appellant.

Edward Bilbro Davis, of Bell Davis & Pitt, PA of Charlotte, N.C., for Respondents.

———————

**PER CURIAM:** This case comes before us as part of a fight over the estate of Chris "Pop" Combis (Pop). The current matter deals with an issue between Desa Ballard, who took over as personal representative for Pop's estate and as trustee of his trust in 2013, and attorneys for Pop's son, George Combis (George), and George's wife, Diane Combis (Diane). We affirm.

Ballard filed the seed for this matter in Lancaster County in November 2013. Ballard alleged a breach of fiduciary duties on the part of Diane, the trust's previous trustee. At some point, the case was removed to federal court, where it ended with a judgment against George and Diane in September 2016. The Fourth Circuit Court of Appeals later "vacate[d] the portion[] of the district court's order . . . holding George jointly and severally liable with Diane for Diane's breach of fiduciary duty."[1]

In 2017, Ballard returned to circuit court in Lancaster County. According to Ballard's November 2017 complaint, the law firm Redding Jones "facilitated fraudulent transfers of real property by George C. Combis . . . with full knowledge that their acts operated to assist George in evading a pending judgment against him in South Carolina and defraud the trust." The complaint included, *inter alia*, a claim of civil conspiracy against Diane, Chris, Redding Jones, and two lawyers who each prepared one of the deeds in their work for the firm: Simon O'Brien and Kent Jones.

On January 3, 2018, Redding Jones, O'Brien, and Jones filed their motion to dismiss. After the hearing on the motion, the circuit court granted it, holding:

> [Ballard] has failed to state a claim for civil conspiracy against defendants Redding Jones PLLC, Simon John O'Brien, and Kent D. Jones on the basis that an attorney cannot enter into a civil conspiracy with its client when acting in the course and scope of its legal representation, and is otherwise immune from liability to third parties when acting in the course and scope of its legal representation without having breached some independent duty owed to such third party. *See Stiles v. Onorato*, 318 S.C. 297, 457 S.E.2d 601 (1995).

On November 16, Ballard filed a motion to reconsider. The court denied the motion on November 20. This appeal followed.

---

[1] Another part of the district court's order not relevant here was also vacated. The Fourth Circuit, however, affirmed the ruling "[i]n all other respects."

1.      As to Respondents O'Brien and Jones (collectively, Attorney Respondents), we find that the circuit court could not assert personal jurisdiction over them.

"Personal jurisdiction is exercised as 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall v. Reproductive Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007).

First, the circuit court did not have general personal jurisdiction over the Attorney Respondents.  *See Coggeshall*, 376 S.C. at 17, 655 S.E.2d at 479 ("[G]eneral jurisdiction is based upon 'an enduring relationship' with the State.  An enduring relationship is indicated by contacts that are substantial, continuous, and systematic." (quoting S.C. Code Ann. § 36-2-802 (2003) for the phrase "an enduring relationship")).

According to his responses to interrogatories and an affidavit, Jones vacations in South Carolina roughly twice a year; "has a client . . . that employs a land development employee out of Charleston, South Carolina"; lives in North Carolina; and has no real estate located in the state.  Similarly, O'Brien has vacationed here an average of once a year; has, at his new law, firm worked on matters regarding "a client . . . located in Lexington County, South Carolina"; lives in North Carolina; and has no real estate here.  These contacts are not "substantial, continuous, and systematic," and cannot form a basis for general personal jurisdiction.

Nor did the circuit court have specific jurisdiction over O'Brien or Jones.  *See State v. NV Sumatra Trading Co.*, 379 S.C. 81, 89, 666 S.E.2d 218, 222 (2008) ("Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process."); *Power Prods. & Servs. Co. v. Kozma*, 379 S.C. 423, 432, 665 S.E. 2d 660, 665 (Ct. App. 2008) ("The court must (1) find that the defendant has the requisite minimum contacts with the forum, without which, the court does not have the 'power' to adjudicate the action and (2) find the exercise of jurisdiction is reasonable or fair."); *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260–61, 423 S.E.2d 128, 131 (1992) ("A minimum contacts analysis requires a court to find that the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities.  A single act that causes harm in this State may create sufficient minimum contacts where the harm arises out of or relates to that act." (citation omitted)); *id.* at 261, 423 S.E.2d at 131 ("The defendant must purposefully avail itself of the privileges of conducting activities in this State, thus invoking the benefits and protections of our laws."); *id.* at 262, 423 S.E.2d at 132 ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous,

or attenuated contacts."); *Cribb v. Spatholt [(Cribb I)]*, 382 S.C. 475, 484, 676 S.E.2d 706, 711 (Ct. App. 2009) ("[U]nder the fairness prong, the court must consider the following factors: (1) the duration of the defendant's activity in this State; (2) the character and circumstances of its acts; (3) the inconvenience of the parties by conferring or refusing to confer jurisdiction over the nonresident; and (4) the State's interest in exercising jurisdiction." (citing *NV Sumatra Tobacco Trading*, 379 S.C. at 91, 666 S.E.2d at 223)).

As to the power prong, neither of the Attorney Respondents "purposefully avail[ed themselves] of the privileges of conducting activities in this State," largely because there is no evidence that they conducted activities in this state that serve as the basis for this litigation. As Respondents note in their brief, the acts for which Ballard seeks to hale them into court took place in North Carolina.

As to the fairness prong, the factors weigh particularly heavily against finding that the exercise of personal jurisdiction in this case would be fair in this case. First, nothing that either of the Attorney Respondents did that forms the basis for the allegations of conspiracy took place in South Carolina, nor were the Attorney Respondents in South Carolina when they took those actions. Second, there is no inconvenience to the parties by refusing to confer jurisdiction here; both parties have robustly litigated matters related to Pop's estate in both North Carolina and South Carolina. The factor related to our state's interest in the case is also of no help to Ballard. *See Aviation Assocs. & Consultants, Inc. v. Jet Time, Inc.*, 303 S.C. 502, 508, 402 S.E.2d 177, 180 (1991) ("Finally, while South Carolina has an interest in providing redress for its citizens, that interest is diminished *when no business was transacted in this State* and any contract formed was not to be performed in this State. In fact, *nothing which is the subject of this litigation has taken place in South Carolina*." (emphases added)).

2.    As to all Respondents, we find that Lancaster County was not the correct venue for this litigation because the properties at issue are not in Lancaster County. *See* S.C. Code Ann. § 15-7-10 (Supp. 2020) ("An action for the following causes must be tried in the county in which the subject of the action or some part of the property is situated . . .[2] : (1) for the recovery of real property or of an estate or interest in real property, for the determination in any form of the right or interest, and for injuries to real property; . . . . (4) for the recovery of personal property distrained for any cause; . . ."); *TruckSouth, Inc. v. Patel*, 339 S.C. 40, 45, 528 S.E.2d 424, 427 (2000) ("Section 15-7-10(1) applies to *any action* that requires a

---

[2] The statute refers to an exception that is not relevant to this case.

determination in *any form* of such 'right or interest' in real property. An action for specific performance of a real estate contract affects rights and interests in real property because it ultimately determines who holds title to the property." (emphases added)); *id.* at 48, 528 S.E.2d at 428 ("[W]e find it is more reasonable, and more in line with this [c]ourt's precedent in *Barrow*[3], to have a rule where actions involving real estate are local actions that are litigated in the county where the land is situated.").[4]

However Ballard frames it, her central contention against Respondents is that they helped to fraudulently transfer real estate. Any verdict for Ballard would require a determination of whether the property was properly transferred. This is the entire basis for Respondents' alleged liability. We believe that our supreme court has made it clear that questions relating to title should be "litigated in the county where the land is situated." *TruckSouth, Inc.*, 339 S.C. at 48, 528 S.E.2d at 428. The land in this case is situated not in Lancaster County, but in North Carolina. Venue in Lancaster County was improper.

3.      As to the other grounds raised in the appeal, we find it unnecessary to address them. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that the "appellate court need not address remaining issues when disposition of prior issue is dispositive" (citing *Whiteside v. Cherokee Cnty. Sch. Dist. No. One*, 311 S.C. 335, 428 S.E.2d 886 (1993))).

**AFFIRMED.**

**THOMAS and GEATHERS, JJ., and HUFF, A.J., concur.**

---

[3] *Barrow v. Gowdy*, 114 S.C. 122, 103 S.E.2d 477 (1920).
[4] *Truck South, Inc.*, was decided under a previous version of the statute, but the provisions at issue are substantially identical, with slight variations in wording.