**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Martha M. Coleman, Respondent,

v.

Jeffrey W. Coleman and Brooks Walters, Defendants,

of whom Jeffrey W. Coleman is a Respondent,

and Brooks Walters is the Petitioner.

Appellate Case No. 2025-001911

––––––––––

Appeal from Sumter County
Thomas M. Bultman, Family Court Judge

––––––––––

Memorandum Opinion No. 2026-MO-006
Heard April 21, 2026 – Filed May 13, 2026

––––––––––

**REVERSED**

––––––––––

J. Michael Taylor, of Taylor/Potterfield, of Columbia, and Ryan Alexander McLeod, of McDougall, Self, Currence & McLeod, LLP, of Sumter, both for Petitioner Brooks Walters.

Christopher Ryan DuRant, of Johnson DuRant, LLC, of Manning, for Respondent Martha M. Coleman.

––––––––––

**PER CURIAM:** We granted a writ of certiorari to review the court of appeals' decision in *Coleman v. Coleman*, Op. No. 2025-UP-228 (S.C. Ct. App. filed July 9, 2025). We reverse the family court's order holding Petitioner in contempt and grant Petitioner's motion to dismiss based on lack of personal jurisdiction.

Having carefully canvassed the Appendix, it is clear Petitioner does not have *any* contacts—minimum or otherwise—with South Carolina. In fact, his only contact with the state was during a quasi-administrative action filed by Respondent with the South Carolina Department of Social Services (DSS), in which DSS ordered Petitioner to attend a "negotiation conference" to establish his paternity over the child at issue. Because DSS stated the alternative was a default order establishing paternity and obligating him to pay child support, Petitioner sent his attorney to the conference, but he declined to take the requested paternity test. DSS ultimately dismissed the action without taking issue with Petitioner's non-compliance.

When subsequently named as a party to this action, Petitioner raised a personal jurisdiction defense at his earliest opportunity. Notwithstanding the complete lack of any evidence establishing Petitioner's voluntary and substantial contacts with South Carolina, the family court denied the motion to dismiss and ordered Petitioner to submit to a paternity test. Petitioner refused. The family court then issued a rule to show cause and held a contempt hearing based on Petitioner's non-compliance. Of course, the right to appeal in a contempt proceeding arises not from the nature of the proceeding but from holding the contemnor in contempt. Thus, once the family court held him in contempt and it became clear there would be a final appealable order on which to base an appeal, Petitioner re-raised the same personal jurisdiction defense he had asserted from the outset of the case.[1] Contrary to the court of appeals' finding, we reject any suggestion that Petitioner's argument is somehow foreclosed by either entering a "general appearance" in the non-judicial DSS action[2] or by our

---

[1] Judge Bultman presided at the final hearing on Petitioner's motion to reconsider the contempt finding. Although Judge Bultman incorrectly believed he was bound by the finding of personal jurisdiction by the prior judge at the temporary hearing, he repeatedly expressed strong concerns about the family court's exercise of jurisdiction over Petitioner.

[2] *See, e.g.*, 4 Am. Jur. 2d *Appearance* § 2 (Feb. 2026 Update) ("A party enters a general appearance when he (1) invokes the judgment *of the court* on any question other than the court's jurisdiction, (2) recognizes by his acts that an action is properly pending, or (3) seeks affirmative action *from the court*." (emphasis added)).

issue preservation rules.[3]  *Cf. Welch v. Advance Auto Parts, Inc.*, 445 S.C. 640, 658, 916 S.E.2d 320, 330 (2025) (noting in an appeal of a contempt order that the defendant had not included an argument that the trial court erred in denying its motion to dismiss for lack of personal jurisdiction, but nonetheless finding the defendant had not waived the argument and could re-raise the merits of its personal jurisdiction argument during a subsequent appeal).

On the merits, the question of whether South Carolina courts may exercise personal jurisdiction over Petitioner is not remotely close.  *See generally White v. Stephens*, 300 S.C. 241, 244–45, 387 S.E.2d 260, 262 (1990) (setting forth the two-step analysis to determine whether a court may exercise jurisdiction over a nonresident defendant, and placing the burden of establishing jurisdiction on the party seeking to invoke the long-arm statute); *S. Plastics Co. v. S. Com. Bank*, 310 S.C. 256, 260–61, 423 S.E.2d 128, 131 (1992) (same, but with additional focus on the due process portion of the analysis).  The relevant long-arm statute is encompassed in section 63-17-3010(A), and it is indisputable none of the subsections of that statute apply.[4]  Moreover, Respondent has not established there are any contacts between Petitioner and South Carolina, meaning that maintaining the suit under these circumstances would offend traditional notions of fair play and substantial justice in violation of Petitioner's due process rights.  *See S. Plastics Co.*, 310 S.C. at 261, 423 S.E.2d at 131 (noting the unilateral actions of another cannot confer personal jurisdiction over a nonresident defendant).

We therefore find South Carolina courts cannot exercise personal jurisdiction over Petitioner.  Accordingly, we reverse the family court's finding of contempt and grant Petitioner's motion to dismiss based on lack of personal jurisdiction.  *See Arnal v.*

---

[3] *See, e.g.*, *State v. Morales*, 439 S.C. 600, 609, 889 S.E.2d 551, 556 (2023) (setting forth the dual purpose of issue preservation rules and explaining, "We are mindful that issue preservation rules should not be applied in a technical manner as if this is some sort of game of 'gotcha' elevating form over substance to trap trial lawyers so as to prevent the appeal of a legitimate issue.").  The manner in which Petitioner raised and re-raised his personal jurisdiction defense here fulfilled both purposes of issue preservation; to find otherwise would be to elevate form over substance.

[4] More specifically, the child at issue was conceived and born in Missouri; Petitioner has never stepped foot in South Carolina, residing exclusively in other states in the two decades since the child was conceived; and Petitioner was not served with notice of this lawsuit in South Carolina.  *See generally* S.C. Code Ann. § 63-17-3010(A) (2010).

*Fraser*, 371 S.C. 512, 522, 641 S.E.2d 419, 424 (2007) (holding a party cannot be held in contempt for "violating an order which was void *ab initio* for lack of jurisdiction").

**REVERSED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, and VERDIN, JJ., concur.**