## 21054

TROY H. CRIBB & SONS, INC., Respondent, v. CLIFFSTAR CORPORATION, Appellant.

(258 S. E. (2d) 108)

*Horace L. Bomar,* of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for appellant.*

*Robert L. Stoddard* of *Moore, Stoddard & Stoddard,* Spartanburg, *for respondent.*

September 10, 1979.

NESS, Justice.

This appeal is from an order denying appellant Cliffstar Corporation's motion to set aside respondent Troy H. Cribb & Sons, Inc.'s attempted service of process on appellant for lack of *in personam* jurisdiction. We affirm.

The sole issue is whether the courts of South Carolina may exercise *in personam* jurisdiction over appellant, a New York food processing corporation not domesticated in this State, in an action brought by respondent, a South Carolina food brokerage corporation, for the recovery of a brokerage fee. We hold that jurisdiction is properly exercisable under either § 36-2-802 or § 36-2-803, Code of Laws of South Carolina (1976).

Section 36-2-802, *supra,* provides in relevant part that "[a] court may exercise personal jurisdiction over a person . . . doing business . . . [in] this State as to any cause of action." In *Jenkinson v. Murrow Bros. Seed Co., Inc.,* S. C. 249 S. E. (2d) 780 (1978), the Court quoted with approval from *Boney v. Trans-State Dredging Co.,* 237 S. C. 54, 115 S. E. (2d) 508 (1960):

"No universal formula has been, or is likely to be, devised for determining what constitutes 'doing business' by a foreign corporation within a state in such sense as to subject it to the jurisdiction of the courts of that state. The question must be resolved upon the facts of the particular case." 249 S. E. (2d) at 782.

Here, we are confronted with a foreign corporation which, by the admission of its own president, had transacted a sub-

stantial volume of business in South Carolina during the two years prior to the inception of this action. That business consisted of the shipment of in excess of 25,000 cases of its foodstuffs to wholesale and retail distributors located in this state, a substantial portion of which had been brokered by the rsepondent. While appellant contends that this activity is insufficient to bring it within § 36-2-802, *supra,* because the goods were delivered in South Carolina by common carrier, *Carolina Boat and Plastics Co., Inc. v. Glascoat Distributors, Inc.,* 249 S. C. 49, 152 S. E. (2d) 352 (1967) effectively dispels that assertion. Thus, there is no basis for appellant's argument that it was not "doing business" in South Carolina for purposes of § 36-2-802, *supra,* at the time the cause of action arose.

Moreover, appellant is equally amenable to the exercise of *in personam* jurisdiction over it by the South Carolina courts under § 36-2-803(1)(g), *supra,* which provides in relevant part that: "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's . . . entry into a contract to be performed in whole or in part by either party in this State." It is inconceivable that appellant would authorize respondent to submit bids on its behalf, knowing that respondent's corporate domicile and principal place of business was South Carolina, without anticipating that performance would at least in part be made in South Carolina. *Cf. Nucor Corp. v. Fanevil Const., Inc.,* 264 S. C. 458, 215 S. E. (2d) 634 (1975). Accordingly, the activity of appellant comes within the provision of the statute, and the order of the lower court denying appellant's motion to set aside respondent's attempted service of process on it was proper unless the assumption of jurisdiction would offend due process.

As stated in *Jenkinson v. Murrow Bros. Seed Co., Inc., supra,* [t]he test for jurisdiction on the due process issue is whether the subjection to jurisdiction would offend traditional notions of fair play and substantial justice. Whether

due process is satisfied depends upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." 249 S. E. (2d) at 782. There, the Court upheld the exercise of jurisdiction over a foreign corporation on the basis of the sole allegation that the corporation had certified and delivered seed to another foreign corporation which in turn had sold the seed to the ultimate consumer in South Carolina. Here, by contrast, we have a foreign corporation which had done a substantial volume of business in South Carolina and had contracted directly with a South Carolina corporation for performance by that corporation. We fail to see how the exercise of *in personam* jurisdiction in the former case does not offend due process and in this case it would.

Accordingly, we affirm the order of the lower court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.