**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory Duerk, Donald L. Duerk, Jr., and Deborah Duerk Tiller, Appellants,

v.

Geoffrey Duerk, Kristen Duerk, and James M. Stewart, Respondents.

Appellate Case No. 2017-000471

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-365
Heard October 15, 2019 – Filed November 13, 2019

———————

**AFFIRMED**

———————

Thomas C. Brittain, of The Brittain Law Firm, P.A., of Myrtle Beach, for Appellants.

Jay Marcus Bultz, of Bultz Law Offices, PA, of Myrtle Beach, for Respondents Geoffrey Duerk and Kristen Duerk; Fred Harley Oliver and Amy Lynn Neuschafer, both of Collins & Lacy, PC, of Murrells Inlet, for Respondent James M. Stewart.

———————

**PER CURIAM:** Gregory Duerk, Donald L. Duerk, and Deborah Duerk Tiller appeal a Form 4 order dismissing James M. Stewart from a lawsuit for lack of personal jurisdiction. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 36-2-803 (Supp. 2018) (allowing a South Carolina court to exercise personal jurisdiction over a nonresident "who acts directly . . . as to a cause of action arising from the person's . . . transacting any business in this State [or] . . . commission of a tortious act in whole or in part in this State"); *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005) ("Due process requires that there exist minimum contacts between the defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."); *id.* ("The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case."); *Coggeshall v. Reproductive Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007) ("At the pretrial stage, the burden of proving personal jurisdiction over a nonresident is met by a prima facie showing of jurisdiction."); *id.* ("When a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction."); *id.* (stating a trial court's decision regarding jurisdiction "will be affirmed unless unsupported by the evidence or influenced by an error of law").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**