**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Colleton River Plantation Club, Inc., Appellant,

v.

Jennifer L. Holmes, Respondent.

Appellate Case No. 2018-000826

---

Appeal From Beaufort County
Edgar W. Dickson, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-128
Heard December 8, 2020 – Filed April 28, 2021

---

**REVERSED AND REMANDED**

---

Stephen Harrison Williams and Barry L. Johnson, both of Johnson and Davis, P.A., of Bluffton, for Appellant.

Terry A. Finger, of Finger, Melnick & Brooks, P.A., of Hilton Head Island, for Respondent.

---

**PER CURIAM:** Colleton River Plantation Club (Colleton River) appeals the circuit court's order dismissing its claim against Jennifer Holmes for unpaid dues and fees, arguing the circuit court erred in finding it lacked personal and in rem jurisdiction. We reverse and remand.

"The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "Personal jurisdiction is exercised as 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007). "Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum . . . ." *Id.* Specific jurisdiction is determined under South Carolina's long-arm statute, which recognizes, "A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: . . . (5) having an interest in, using, or possessing real property in this State." S.C. Code Ann. § 36-2-803(A)(5) (Supp. 2020). South Carolina's long-arm statute, "which affords broad power to exercise personal jurisdiction over causes of action arising from tortious injuries in South Carolina, has been construed to extend to the outer limits of the due process clause." *Moosally v. W.W. Norton & Co.*, 358 S.C. 320, 329, 594 S.E.2d 878, 883 (Ct. App. 2004).

Despite Holmes's eventual filing of a deed transferring the Colleton River Property to the estate of Charles Holmes (Ex-Husband), the circuit court erred in finding it lacked personal jurisdiction over Holmes because Holmes retained a legal ownership interest in the Property during the timespan for which Colleton River sought payment. Although Holmes's "Dissolution Settlement Agreement," (the Agreement) approved by the Indiana court on August 1, 2012, required that she execute a quitclaim deed to Ex-Husband conveying her ownership rights in the Property, there is no evidence she executed the deed as ordered prior to incurring the dues and fees that Colleton River brought suit to recover. In her motion to dismiss, Holmes claimed Ex-Husband refused to record the deed, but she makes no other assertion regarding an attempted execution of the deed. By contrast, the 2017 deed Holmes eventually recorded supports our finding that she earlier failed to execute the quitclaim deed required by the Agreement because such deed would have been effective once recorded and delivered. *See First Union Nat. Bank of S.C. v. Shealy*, 325 S.C. 351, 355, 479 S.E.2d 846, 848 (Ct. App. 1996) ("It is a well established rule of law that a deed is not legally effective until it has been delivered. There is no prescribed method for an effective delivery of a deed; manual transfer of the instrument into the hands of the grantee is neither required to effectuate a valid delivery, nor is such transfer dispositive of the issue." (citations omitted)).

In 2017, Holmes would have lacked any legal interest in the Property to transfer to Ex-Husband's estate had she previously complied with the Dissolution Settlement Agreement. Because the evidence establishes Holmes still had an ownership interest in the Property during the period for which Colleton River seeks payment of the outstanding dues and fees, the circuit court had personal jurisdiction over her pursuant to the long-arm statute. *See* § 36-2-803(A)(5) ("A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: . . . (5) having an interest in, using, or possessing real property in this State.").

The circuit court further erred in finding it lacked in rem jurisdiction. The United States Supreme Court has explained,

> Founded on physical power, the in rem jurisdiction of a state court is limited by the extent of its power and by the coordinate authority of sister States. The basis of the jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State. Tangible property poses no problem for the application of this rule, but the situs of intangibles is often a matter of controversy.

*Hanson v. Denckla*, 357 U.S. 235, 246–47 (1958) (citations omitted). Because the subject Property for which the unpaid dues and fees are owed is located in Beaufort County, South Carolina, the circuit court erred in finding it lacked in rem jurisdiction.

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**