**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Douglas Kelsey, Plaintiff,

v.

House of Blues Myrtle Beach Restaurant Corporation; HOB Entertainment, Inc.; and Travis Scott Wagoner, Defendants.

AND

House of Blues Myrtle Beach Restaurant Corporation, Appellant,

v.

Throttlefest, LLC; American Outlaw Spirits Incorporated; Full Throttle LLC; and Full Throttle Sloon Shine, LLC, Respondents.

Appellate Case No. 2020-000407

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge
William A. McKinnon, Circuit Court Judge

Unpublished Opinion No. 2024-UP-064
Heard May 1, 2023 – Filed February 21, 2024

**AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED**

---

Christian Stegmaier, of Collins & Lacy, PC, of
Columbia, and Kyle Lee Brady, of Anderson, for
Appellant.

M. Dawes Cooke, Jr. and John William Fletcher, both of
Barnwell Whaley Patterson & Helms, of Charleston, for
Respondent Throttlefest, LLC.

Brian C. Duffy and Patrick Coleman Wooten, both of
Duffy & Young, LLC, of Charleston, for Respondents
American Outlaw Spirits Incorporated, Full Throttle,
LLC, and Full Throttle Sloon Shine, LLC.

---

**PER CURIAM:** In this civil case, House of Blues Myrtle Beach Restaurant
Corporation (House of Blues) appeals the circuit court's orders dismissing its
third-party claims against Throttlefest, LLC (Throttlefest); Full Throttle, LLC (Full
Throttle); Full Throttle Sloon Shine, LLC (Sloon Shine); and American Outlaw
Spirits, Inc. (American Outlaw) (collectively, Respondents). First, House of Blues
argues the circuit court erred by granting Throttlefest's Rule 12(b)(6), SCRCP,
motion. Specifically, House of Blues argued the circuit court erred by (1)
considering matters outside the complaint, (2) improperly requiring it to plead or
show Throttlefest's settlement with the first-party plaintiffs was not in good faith
and relying on *Smith v. Tiffany*[1] in finding dismissal of its contribution claim
would not impact its due process and equal protection rights, (3) finding its claims
were barred by the statute of limitations, and (4) dismissing its tort and equity
claims based upon the existence of its contract with Throttlefest. Second, House of
Blues argues the circuit court erred by dismissing Full Throttle, Sloon Shine, and
American Outlaw pursuant to Rule 12(b)(2), SCRCP, for lack of personal
jurisdiction. We affirm in part, reverse in part, and remand.

---

[1] 419 S.C. 548, 799 S.E.2d 479 (2017) (holding the Uniform Contribution Among
Tortfeasors Act precluded the defendant from joining another tortfeasor when such
tortfeasor had already settled with the plaintiff and been released from the lawsuit).

**FACTS**

Douglas Kelsey and another plaintiff (collectively, the plaintiffs) commenced the underlying first-party action on May 12, 2017. They alleged they were injured in a motorcycle-on-motorcycle collision when a motorcycle Travis Wagoner was driving struck their motorcycles shortly after Wagoner departed an event called Throttle Fest (the Event) held on House of Blues' premises on May 16, 2014. The plaintiffs alleged Wagoner was driving in an impaired condition after being overserved alcohol at the Event.

In their amended complaint filed in July 2017, they named House of Blues; House of Blues Concerts, Inc.; HOB Entertainment, Inc.; Respondents; Michael Ballard; Jesse James Dupree[2]; Michael Garner; and Wagoner as defendants in the action. With respect to all defendants aside from Wagoner, the plaintiffs alleged causes of action for respondeat superior, agency, and negligent supervision, asserting the defendants unlawfully served Wagoner when he was in an intoxicated condition during the Event. The plaintiffs subsequently settled with and agreed to voluntarily dismiss Throttlefest, Full Throttle, and Sloon Shine from the lawsuit. The plaintiffs additionally voluntarily dismissed American Outlaw, Ballard, and Dupree from the case.

Kelsey[3] filed a second amended complaint in October 2019, naming only House of Blues[4] and Wagoner as defendants. Kelsey alleged causes of action for negligence per se and public nuisance against House of Blues. House of Blues filed an answer and third-party complaint, naming Respondents as third-party defendants. House of Blues asserted claims against Respondents for breach of contract, negligent misrepresentation, negligence, equitable indemnification, contractual indemnification, and contribution. House of Blues asserted it entered a "Co-Promotion Agreement" (the Agreement) with Throttlefest with an effective date of March 19, 2014, regarding "the functions and acts necessary for promoting and conducting the [Event], to be held May 9-17, 2014." House of Blues referred to several specific provisions of the Agreement in the complaint.

---

[2] Ballard is the sole managing member of Full Throttle and Sloon Shine, and Dupree is the sole incorporator of American Outlaw.
[3] The other plaintiff was not included in the second amended complaint.
[4] The complaint also named HOB Entertainment, Inc., but in its answer, House of Blues stated it was the real party in interest as it related to all House of Blues defendants.

Throttlefest filed its answer and moved pursuant to Rule 12(b)(6), SCRCP, to dismiss House of Blues' complaint. In support of its motion, Throttlefest argued (1) Kelsey gave it a release in good faith, which extinguished its liability to Kelsey and thereby discharged any liability to House of Blues; (2) its relationship with House of Blues was governed solely by contract, thus barring House of Blues' causes of action sounding in tort and equity; (3) Throttlefest neither owed a duty nor breached any duty owed to House of Blues; and (4) House of Blues' claims were barred by the statute of limitations. Throttlefest also attached a copy of the Agreement. In opposing the motion, House of Blues first argued Throttlefest's arguments required the circuit court to consider matters outside of the face of the complaint and it would be inappropriate to convert the motion into a motion for summary judgment because it was not given a reasonable opportunity to present materials pertinent to such a motion. Second, it contended Throttlefest's settlement with Kelsey (the Settlement) was not made in good faith and dismissal based upon the Settlement would violate House of Blues' rights to due process and equal protection. Third, it argued the Agreement did not preclude its tort and equity claims because it was permitted to plead alternative theories of liability. Specifically, it argued some of Throttlefest's duties arose outside of the Agreement and it anticipated Throttlefest would dispute the validity and scope of the Agreement. Finally, it asserted that the statute of limitations defense required reference to material outside of the complaint and that, regardless, the earliest date upon which it knew or should have known of its third-party claims was October 20, 2016, when it learned of the first-party claims.

The circuit court, Circuit Court Judge Benjamin H. Culbertson, heard the motion on January 8, 2020. Throttlefest repeated its prior arguments and referenced material outside of the complaint, including the Settlement and deposition testimony obtained in the first-party suit. House of Blues again argued the court was required to consider the motion under the 12(b)(6), SCRCP, standard, which limited the court to considering only the answer and third-party complaint, and that Throttlefest's motion would be more appropriately made under Rule 56, SCRCP.

On February 4, 2020, the circuit court issued an order granting Throttlefest's motion to dismiss "[a]fter considering all materials filed and submitted by both parties." The circuit court stated it could consider documents outside the pleadings in deciding the motion when the documents were "integral to the complaint, explicitly relied on in the complaint, and where the plaintiff does not challenge their authenticity." The circuit court concluded section 15-38-50 of the South

Carolina Code (2005)[5] and the holding in *Tiffany*[6] precluded House of Blues' claim for contribution because Throttlefest settled with Kelsey and "received a full and final release of all liability and damages of any kind relating to the injuries [he] sustained from the accident." Further, it rejected House of Blues' argument that its due process or equal protection rights would be violated by not allowing Throttlefest back into the case.

The circuit court next concluded the three-year statute of limitations barred House of Blues' claims for breach of contract, contractual indemnity, negligent misrepresentation, and negligence. House of Blues either knew or should have known of at least some of Throttlefest's breaches of the Agreement or misconduct during the Event, which occurred in May 2014. The circuit court rejected House of Blues' contention that its causes of action did not accrue until October 20, 2016, when it learned of Kelsey's injuries. It further rejected House of Blues' argument that equitable tolling or estoppel applied.

The circuit court next held the Agreement precluded House of Blues' claims for negligent misrepresentation, negligence, and equitable indemnification because the claims pertained to Throttlefest's conduct during the Event and it alleged the Agreement concerned "'the functions and acts necessary for promoting and conducting' the Event." The circuit court thus concluded the third-party complaint sounded in breach of contract rather than tort. The circuit court concluded House of Blues' equitable indemnification claim must also be dismissed because the Agreement contained cross-indemnification provisions. House of Blues filed a motion to reconsider, which the circuit court denied by Form 4 Order.

The remaining defendants, American Outlaw, Full Throttle, and Sloon Shine (collectively, the Non-Hosting Respondents) each filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), SCRCP. The circuit court, Circuit Court Judge William A. McKinnon, heard the motions and issued an order dismissing the Non-Hosting Respondents, finding it lacked personal jurisdiction over them and House of Blues failed to state a claim for which relief could be granted against

---

[5] *See* § 15-38-50(2) ("When a release or a covenant not to sue . . . is given in good faith to one of two or more persons liable in tort for the same injury . . . it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.").

[6] *See* 419 S.C. at 561, 799 S.E.2d at 486 (holding that according to the terms of the covenant not to execute, a settling defendant had no additional liability to any non-settling defendant or other alleged tortfeasors pursuant to section 15-38-50).

them. Thereafter, House of Blues filed a motion to reconsider, which the circuit court granted in part and substituted a new order in place of its prior order; in its July 31, 2020 substituted order, the circuit court dismissed the Non-Hosting Respondents solely on the ground that it lacked personal jurisdiction over these parties. The appeals of the February 4, 2020 and July 31, 2020 orders followed.[7]

## ANALYSIS

### I. Rule 12(b)(6), SCRCP, Dismissal

House of Blues argues Throttlefest's motion to dismiss pursuant to Rule 12(b)(6), SCRCP, required consideration of matters outside of the pleadings and that it had no notice the motion to dismiss would be converted to a motion for summary judgment and therefore had no opportunity to submit evidence to challenge Throttlefest's arguments. We agree.

We hold the circuit court erred by granting Throttlefest's motion to dismiss pursuant to Rule 12(b)(6) because its ruling required consideration of matters outside of House of Blues' answer and third-party complaint and the motion was not properly converted to a motion for summary judgment. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *Carnival Corp. v. Hist. Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 74, 753 S.E.2d 846, 850 (2014) ("In considering a motion to dismiss under Rule 12(b)(6), a court must base its ruling solely on the allegations set forth in the complaint."); *Marion*, 373 S.C. at 395, 645 S.E.2d at 247 ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); *id.* at 395, 645 S.E.2d at 248 ("The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action.").

Here, the circuit court expressly stated it considered the Settlement in ruling upon the motion but did not state it had converted the motion to a motion for summary judgment. House of Blues argued at the hearing that the circuit court must limit its consideration to matters contained in the third-party complaint. Because House of Blues was not on notice the motion to dismiss would be converted to a motion for

---

[7] House of Blues and Kelsey entered into a settlement agreement on June 30, 2020, and Kelsey signed a release on August 28, 2020.

summary judgment, House of Blues was not provided a reasonable opportunity to respond to Throttlefest's arguments. *See* Rule 12(b), SCRCP ("If, on a motion [pursuant to Rule 12(b)](6) to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the [c]ourt, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[, SCRCP,] *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56*." (emphasis added)); Rule 56(c), SCRCP ("The motion shall be served at least [ten] days before the time fixed for the hearing. The adverse party may serve opposing affidavits not later than two days before the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); Rule 56(e), SCRCP (setting forth requirements regarding submissions of affidavits in support of a Rule 56(c) motion and stating that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"); *see also Brown v. Leverette*, 291 S.C. 364, 367, 353 S.E.2d 697, 698-99 (1987) ("It is our view the language of [Rule 12(b)] is clear, and it states plainly that the trial court may treat a 12(b)(6) motion as a motion for summary judgment and consider matters presented outside of the pleadings *if* the parties are afforded a reasonable opportunity to respond to such matters in accordance with Rule[s] 56(c) and (e) . . . . The notice provisions in Rule 56 are incorporated into Rule 12(b)(6)."); *id.* at 367, 353 S.E.2d at 699 (holding the circuit court erred in considering the defendant's supporting affidavits in ruling on a 12(b)(6) motion when its finding that the defendant did not owe a duty to the plaintiff was not apparent from the face of the complaint and "could only have been discerned from the affidavits" and the circuit court had given "no notice to the parties that it was going to consider the affidavits and hear the 12(b)(6) motion as a motion for summary judgment").

Specifically, as to House of Blues' claim for contribution, the circuit court could not have ruled upon that issue without considering the Settlement. *See Carnival Corp.*, 407 S.C. at 74, 753 S.E.2d at 850 ("In considering a motion to dismiss under Rule 12(b)(6), [SCRCP,] a court must base its ruling solely on the allegations set forth in the complaint."); *Brown*, 291 S.C. at 367, 353 S.E.2d at 698-99 ("[T]he trial court may treat a 12(b)(6) motion as a motion for summary judgment and consider matters presented outside of the pleadings *if* the parties are

afforded a reasonable opportunity to respond to such matters in accordance with Rule 56(c) and (e) . . . ."); *cf. Doe v. Bishop of Charleston*, 407 S.C. 128, 133-35, 135 n.2, 754 S.E.2d 494, 497-98, 498 n.2 (2014) (holding the trial court did not err in considering a settlement agreement in deciding a motion to dismiss when the plaintiffs alleged matters in their complaint related to the settlement). House of Blues' third-party complaint did not mention the Settlement. Even if the circuit court properly considered Throttlefest's answer in ruling on the motion, Throttlefest did not attach the Settlement to its answer. The Settlement was not provided to the circuit court until the hearing, at which time House of Blues argued the circuit court should not consider matters outside of the third-party complaint. Further, House of Blues argued it had not conducted discovery regarding the Settlement and whether it was made in good faith was unclear. Based on the foregoing, we conclude the circuit court erred in considering the Settlement because House of Blues did not have a reasonable opportunity to respond to Throttlefest's arguments pertaining to the Settlement.

As to the expiration of the statute of limitations, we hold it is not clear from the face of the complaint that the statute had expired as to any of House of Blues' claims. House of Blues alleged it did not have notice of its claims until October 20, 2016, when it learned of Kelsey's accident. Throttlefest argued House of Blues' claims accrued at the time of the Event because that is when the conduct House of Blues complained of occurred. We hold a determination of this question required consideration of matters outside of the complaint. *See Spence v. Spence*, 368 S.C. 106, 123, 628 S.E.2d 869, 878 (2006) ("[A]n affirmative defense ordinarily may not be asserted in a motion to dismiss under Rule 12(b)(6) unless the allegations of the complaint demonstrate the existence of the affirmative defense."); *CoastalStates Bank v. Hanover Homes of S.C., LLC*, 408 S.C. 510, 517, 759 S.E.2d 152, 156 (Ct. App. 2014) ("Pursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence." (quoting *Maher v. Tietex Corp.*, 331 S.C. 371, 377, 500 S.E.2d 204, 207 (Ct. App. 1998))); *see also Brown*, 291 S.C. at 367, 353 S.E.2d at 699 (holding the circuit court erred in ruling on a statute of limitations defense in considering a 12(b)(6) motion to dismiss when such defense "w[as] not apparent from the face of the complaint"). Thus, we conclude the circuit court erred by dismissing House of Blues' claims based on the running of the statute of limitations.

As to the circuit court's conclusion the Agreement precluded House of Blues from asserting tort and equity claims against Throttlefest, we hold this also required

consideration of matters outside of the complaint. House of Blues alleged Throttlefest owed it duties arising outside the scope of the Agreement. This allegation was sufficient to survive a Rule 12(b)(6) motion, and the circuit court erred in dismissing House of Blues' tort and equity claims because it considered matters outside of the third-party complaint in ruling on this issue. *See Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 54-55, 463 S.E.2d 85, 88 (1995) ("A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. A breach of a duty arising independently of any contract duties between the parties, however, may support a tort action."); *see also Marion*, 373 S.C. at 395, 645 S.E.2d at 248 ("The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action.").

As to House of Blues' argument that the circuit court erred by relying on *Tiffany* to support its finding that dismissal of the contribution claim would not impact its due process and equal protection rights, House of Blues acknowledged during oral argument that its settlement with Kelsey—which occurred after the proceedings below—dispensed with this issue. We therefore hold this issue is moot and decline to address it. *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court. If there is no actual controversy, this [c]ourt will not decide moot or academic questions." (citation omitted)).

We decline to address House of Blues' remaining arguments that the circuit court erred by failing to allow it to amend its complaint and by failing to toll the running of the statute of limitations because our decision to reverse the circuit court's order granting Throttlefest's motion to dismiss is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).

## II.  Rule 12(b)(2), SCRCP, Dismissal

House of Blues argues the circuit court erred by concluding it did not have personal jurisdiction of the Non-Hosting Respondents. House of Blues argues Throttlefest acted as an agent of the Non-Hosting Respondents in entering into the Agreement. House of Blues further contends that Ballard and Dupree, who both attended the Event, did so as representatives of their respectively owned

companies. House of Blues therefore argues Ballard's and Dupree's conduct during the Event was sufficient to confer personal jurisdiction over the Non-Hosting Respondents. We disagree.

We hold the circuit court did not err in concluding House of Blues failed to establish these entities had sufficient contacts to confer personal jurisdiction. *See Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005) (holding that in reviewing the circuit court's ruling on a question of personal jurisdiction, "[t]he decision of the [circuit] court should be affirmed unless unsupported by the evidence or influenced by an error of law"); *id.* ("At the pretrial stage, the burden of proving personal jurisdiction over a nonresident is met by a prima facie showing of jurisdiction either in the complaint or in affidavits."); *see also Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007) ("When a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction."). In its third-party complaint, House of Blues alleged that American Outlaw is a Georgia corporation, that Full Throttle and Sloon Shine are South Dakota companies, and that these companies transact business in South Carolina. House of Blues additionally alleged that Full Throttle and Sloon Shine produced and sold liquor under the brand S'loon Shine and that American Outlaw produced and sold liquor under the brand American Outlaw liquor. However, House of Blues argues only that the circuit court had specific—as opposed to general—jurisdiction over the Non-Hosting Respondents. The circuit court has specific jurisdiction of a party only when the cause of action arises from that party's actions as enumerated in section 36-2-803 of the South Carolina Code (Supp. 2023). *See Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 ("Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum; specific jurisdiction is determined under [section] 36-2-803 . . . ."); *see also* § 36-2-803(A) ("A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; . . . (3) commission of a tortious act in whole or in part in this State; . . . [or] (7) entry into a contract to be performed in whole or in part by either party in this State . . . ."); § 36-2-803(B) ("When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."). Here, although House of Blues alleged S'loon Shine and American Outlaw liquors were being served, sold, and promoted at Throttlefest, its claims regarding the service of alcohol to an intoxicated person did not arise out of or relate to the brand or type of alcohol being served at the Event. Thus, the alleged

service of the Non-Hosting Respondents' brands of alcohol at the Event did not give rise to House of Blues' allegations.  Accordingly, the allegation that the Non-Hosting Respondents transact business in South Carolina was insufficient to confer specific personal jurisdiction over these parties.  *See Coggeshall*, 376 S.C. at 20, 655 S.E.2d at 480 ("As noted in subsection (B)[ of section 36-2-803], jurisdiction under this section is limited to a cause of action arising from a specific activity within this State."); *id.* at 16, 655 S.E.2d at 478 ("The exercise of personal jurisdiction . . . must comport with due process requirements and must not offend traditional notions of fair play and substantial justice."); *id.* ("Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state."); *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508 ("Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process."); *see also Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" (alterations in original) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014))).

Next, we hold no evidence shows the Non-Hosting Respondents entered into a contract to be performed in this state and therefore subsection 36-2-803(A)(7) does not apply.  *See* § 36-2-803(A)(7) ("A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's . . . entry into a contract to be performed in whole or in part by either party in this State . . . .").  House of Blues did not allege any of the Non-Hosting Respondents was a party to the Agreement.  Moreover, House of Blues did not allege it engaged with Throttlefest under the impression that Throttlefest was an agent for any of the Non-Hosting Respondents when entering into the Agreement.  Therefore, we reject House of Blues' argument Throttlefest was acting as an agent of the Non-Hosting Respondents in entering into the Agreement.  *See Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 564, 813 S.E.2d 292, 303 (Ct. App. 2018) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." (quoting *Froneberger v. Smith*, 406 S.C. 37, 49, 748 S.E.2d 625, 631 (Ct. App. 2013))); *see also Cowburn v. Leventis*, 366 S.C. 20, 39, 619 S.E.2d 437, 448 (Ct. App. 2005) ("An agency relationship may be established by evidence of actual or apparent authority." (quoting *Charleston, S.C. Registry for Golf Tourism, Inc. v. Young Clement Rivers Tisdale, LLP*, 359 S.C. 635, 642, 598 S.E.2d 717, 721 (Ct. App. 2004))); *id.* ("The elements which must be proven to establish apparent agency are:

(1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment." (quoting *Graves v. Serbin Farms, Inc.*, 306 S.C. 60, 62, 409 S.E.2d 769, 771 (1991))); *id.* at 39-40, 619 S.E.2d at 448 ("[A]n agency may not be established solely by the declarations and conduct of an alleged agent." (alteration in original) (quoting *Frasier v. Palmetto Homes of Florence, Inc.*, 323 S.C. 240, 245, 473 S.E.2d 865, 868 (Ct. App. 1996))).

Finally, we hold no evidence shows the Non-Hosting Respondents committed a tortious act in whole or in part in this state in relation to House of Blues' claims. *See* § 36-2-803(A)(3) ("A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's . . . commission of a tortious act in whole or in part in this State . . . ."). We reject House of Blues' contention that Michael Garner was acting as an agent of the Non-Hosting Respondents. *See Hodge*, 422 S.C. at 564, 813 S.E.2d at 303 ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." (quoting *Froneberger*, 406 S.C. at 49, 748 S.E.2d at 631)); *see also Cowburn*, 366 S.C. at 39, 619 S.E.2d at 448 ("The elements which must be proven to establish apparent agency are: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment." (quoting *Graves*, 306 S.C. at 62, 409 S.E.2d at 771)); *id.* at 39-40, 619 S.E.2d at 448 ("[A]n agency may not be established solely by the declarations and conduct of an alleged agent." (alteration in original) (quoting *Frasier*, 323 S.C. at 245, 473 S.E.2d at 868)). Kelsey's complaint alleged Garner, also known as "Fajita Mike," sold and gave out shots of S'loon Shine liquor at the Event, and that Garner gave Wagoner two consecutive shots of liquor between 11:15 and 11:30 p.m., even though he was visibly intoxicated. House of Blues alleged that throughout the Event, Garner was acting as the employee or agent of Respondents and that Respondents failed to properly train and supervise him. However, the Non-Hosting Respondents submitted affidavits from Ballard and Dupree, who both attested Garner was neither employed by nor an agent of the Non-Hosting Respondents during the Event. House of Blues did not supply evidence to contradict the statements in these affidavits. Thus, no evidence shows the Non-Hosting Respondents employed Garner or represented him to be their agent. Further, we reject House of Blues' arguments that Ballard and Dupree were acting as agents of their respective companies during the Event because it supplied no evidence showing these

individuals attended the Event as agents of their respective companies. *See Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."). Accordingly, House of Blues has failed to provide a basis for imputing the conduct of Garner, Ballard, or Dupree to the Non-Hosting Respondents.

Based on the foregoing, we affirm the circuit court's dismissal of the Non-Hosting Respondents pursuant to Rule 12(b)(2) for lack of personal jurisdiction.[8]

**CONCLUSION**

We reverse the circuit court's order granting Throttlefest's Rule 12(b)(6) motion to dismiss. We affirm the circuit court's order granting the Non-Hosting Respondent's Rule 12(b)(2) motion to dismiss based on lack of personal jurisdiction. Accordingly, the circuit court's order is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[8] We decline to address the Non-Hosting Respondents' arguments regarding additional sustaining grounds. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds."); *id.* at 420 n.9, 526 S.E.2d at 723 n.9 ("The appellate court may find it unnecessary to discuss respondent's additional sustaining grounds when its affirmance is grounded in an issue addressed by the lower court.").