581 S.E.2d 481

M.B. KAHN CONSTRUCTION COMPANY, INC., Petitioner,

v.

THREE RIVERS BANK & TRUST COMPANY, RSI Properties/Spartanburg, LLC; RSI, Inc., Orchard Place East at Spartanburg, Inc.; Bailey Heating & Controls, Inc.; Wellington Power; Charleston Fire & Safety, Inc.; TI Associates, Inc.; and Lewis Nursery & Farm, Inc., Defendants,

of whom Three Rivers Bank & Trust Company is Respondent.

No. 25651.

Supreme Court of South Carolina.

Heard April 3, 2003.
Decided May 19, 2003.

Robert T. Strickland, James R. Allen, and Andrea C. Pope, of Barnes, Alford, Stork & Johnson, L.L.P., of Columbia, for petitioner.

Wallace K. Lightsey, of Wyche, Burgess, Freeman & Parham, of Greenville; and Benjamin T. Zeigler, of Haynsworth Sinkler Boyd, P.A., of Florence, for respondent.

Justice MOORE:

We granted a writ of certiorari to review the Court of Appeals' unpublished opinion affirming dismissal of this action. We reverse.

## FACTS

Petitioner M.B. Kahn Construction Company (Contractor) appeals the dismissal of its causes of action against respondent Three Rivers Bank & Trust Company (Bank) for lack of personal jurisdiction.

Bank is a Pennsylvania corporation with its principal place of business in that state. In 1997, Bank and RSI Properties/Spartanburg L.L.C. (Owner) entered a construction loan agreement to finance the building of an assisted living facility in Spartanburg. Under the agreement, loan proceeds of $7 million were to be disbursed as construction progressed and Owner would pay Contractor from these proceeds. To secure the loan, Owner gave Bank a mortgage on the Spartanburg property.

In 1999, Owner defaulted, giving rise to foreclosure actions and litigation involving various lienholders.[1] Contractor sued Bank on two causes of action for unjust enrichment and promissory estoppel. Essentially, Contractor asserted that despite the loan's default status, Bank gave assurances of payment through its agent, causing Contractor to continue work that improved the property to Bank's benefit.

Bank moved to dismiss contending it had no contact with South Carolina other than the note and mortgage agreement with Owner and the related foreclosure action. In response, Contractor submitted the affidavit of its project director, William P. Edmonds. Edmonds stated that he dealt regularly with Bob McKain, an employee of Management Engineering Corporation, who was Bank's inspecting engineer at the project site in Spartanburg. The loan agreement between Owner and Bank provides the inspecting engineer was to perform services on behalf of Bank. Edmonds stated it was McKain who approved Contractor's pay requests and processed them for payment. Contractor relied on McKain's assurance of payment in continuing to work on the project. In addition, Edmonds's affidavit references "Contractor's Consents" executed by Contractor in South Carolina and Owner's assignment to Bank of the construction contract performed in South Carolina.

Bank in return submitted the affidavits of its vice-president, Vincent W. Locher, who stated McKain was not Bank's agent but was "an independent third-party inspecting engineer," and McKain who stated he served as "an independent third party contractor" in inspecting the site.

---

1. We need not address the procedural complexities of that litigation in light of our disposition here.

The trial court found Bank's contact with South Carolina was not sufficient to support long-arm jurisdiction and dismissed Contractor's causes of action.

## ISSUE

Is long-arm jurisdiction proper under S.C.Code Ann. § 36–2–803 (2003)?

## DISCUSSION

██ Section 36–2–803 provides:

(1) A court may exercise personal jurisdiction over a person who acts directly *or by an agent* as to a cause of action arising from the person's

  (a) transacting any business in this State;

. . . .

(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him. . . .

(emphasis added). Contractor's causes of action allege McKain was acting as Bank's agent transacting business on Bank's behalf in South Carolina.

██ At the pre-trial stage, only a prima facie showing is required to support jurisdiction. *Mid–State Distribs., Inc. v. Century Importers, Inc.*, 310 S.C. 330, 426 S.E.2d 777 (1993). On a motion to dismiss for lack of personal jurisdiction, factual disputes arising by affidavit will be resolved in favor of the non-moving party. *Brown v. Investment Management and Research, Inc.*, 323 S.C. 395, 475 S.E.2d 754 (1996). Where the non-moving party submits facts sufficient to make a prima facie showing of an agency relationship supporting long-arm jurisdiction under § 36–2–803, the motion to dismiss should be denied. *Id.*

██ Edmonds's affidavit and the loan agreement are sufficient here to make a prima facie showing that McKain was acting as Bank's agent when he gave false assurances of payment. Bank's contrary assertions do not defeat this showing. The fact that someone is employed as an independent

contractor does not negate the fact that he may be acting as an agent. *See Nelson v. Yellow Cab Co.*, 349 S.C. 589, 564 S.E.2d 110 (2002) (where one who performs work for another represents the will of that other, not only as to the result, but also as to the means by which the result is accomplished, he is not an independent contractor but an agent); *Fernander v. Thigpen*, 278 S.C. 140, 293 S.E.2d 424 (1982) (agency may be implied or inferred and may be circumstantially proved by the conduct of the purported agent). We conclude at this pre-trial stage, the evidence of an agency relationship is sufficient to support long-arm jurisdiction under § 36–2–803(1)(a). *Brown v. Investment Management, supra.* Contractor still bears the burden of proving an agency relationship at a trial on the merits.

We hold the trial court erred in dismissing Contractor's causes of action for lack of personal jurisdiction. Accordingly, the opinion of the Court of Appeals is

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.