**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Reid Fleming, Appellant,

v.

The Planet Vape, LLC; SCECIGARETTE, LLC; LG Chem, Ltd.; John Doe Distributor #1; John Doe Distributor #2; and John Doe Distributor #3; Defendants,

Of which LG Chem, Ltd. is the Respondent.

Appellate Case No. 2022-000346

———————

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-295
Heard June 3, 2025 – Filed August 13, 2025

———————

**AFFIRMED**

———————

John Preston Griffith, of Smith & Griffith, LLP, of Anderson; Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton; and Christopher James Moore, of Richardson Thomas, LLC, of Florence, for Appellant.

C. Mitchell Brown, Rachel Atkin Hedley, and Allen Mattison Bogan, of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and Elizabeth Scott

Moise and Deirdre Shelton McCool, of Nelson Mullins Riley and Scarborough, LLP, of Charleston, all for Respondent.

_____

**THOMAS, J.:** This appeal arises from the circuit court's dismissal of a products liability action for lack of specific personal jurisdiction. On appeal, Reid Fleming (Appellant) argues the circuit court erred in (1) finding he did not establish a prima facie showing of specific personal jurisdiction, (2) focusing on evidence of whether LG Chem (LG) served a consumer standalone market for a size 18650 lithium-ion battery (18650 Battery) when the evidence of LG's market activities is contested, (3) finding LG's lithium-ion battery imports and sales do not support specific jurisdiction, (4) finding the stream of commerce theory does not support the exercise of specific jurisdiction over LG, and (5) finding Appellant did not satisfy the fairness prong of due process analysis. We affirm.

1.      Appellant argues the circuit court erred in holding that the allegations in the complaint did not establish a prima facie case of specific jurisdiction. Appellant posits this error is a result of the circuit court's "misguided focus on the existence of allegations related to the specific size battery at issue." We disagree. "At the pretrial stage, the burden of proving personal jurisdiction over a nonresident is met by a prima facie showing of jurisdiction either in the complaint or in affidavits." *Moosally v. W.W. Norton & Co., Inc.*, 358 S.C. 320, 328, 594 S.E.2d 878, 882 (Ct. App. 2004). "When a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007). We agree that Appellant did not establish a prima facie case of personal jurisdiction because even if the allegations of the complaint are true, it is not sufficient. The court found Appellant "did not plead any jurisdictional facts specific to the particular product at issue here—a 18650 lithium[-]ion cell that was re-sold as a standalone consumer battery. [Appellant] also did not plead any facts showing a connection between his claims and any action of [LG] directed to South Carolina." Based solely on the pleadings, the court found the motion to dismiss should be granted. The court further found even when looking at the evidence submitted by the parties, including LG's affidavits and Appellant's affidavit and "voluminous exhibits," "[n]one of the facts" supported a finding of personal jurisdiction, including a lack of evidence "reflecting shipment of 18650 lithium[-] ion cells to anyone in South Carolina, let alone anyone engaged in the consumer vaping industry." We recognize factual disputes should be resolved in favor of the

non-moving party. *See M.B. Kahn Constr. Co. v. Three Rivers Bank & Tr. Co.*, 354 S.C. 412, 415, 581 S.E.2d 481, 482 (2003) ("On a motion to dismiss for lack of personal jurisdiction, factual disputes arising by affidavit will be resolved in favor of the non-moving party."). However, we find the circuit court did not err in finding Appellant failed to meet his burden of establishing a prima facie showing of personal jurisdiction. Appellant pled no facts to support his conclusory assertion that his claims were "related" to forum specific conduct by LG. Finally, Appellant offered no evidence to contradict LG's evidentiary proof that it never designed, manufactured, distributed, advertised, or sold 18650 Batteries for sale to consumers as standalone, replaceable batteries in South Carolina, or anywhere else. *See Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 152, 723 S.E.2d 835, 840 (Ct. App. 2012) (explaining "a plaintiff is not required to assert he will be meritorious on personal jurisdiction; rather, he must demonstrate enough facts to support a prima facie showing); *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508; *id.* at 495, 611 S.E.2d at 510 (finding a lack of jurisdiction because the respondents had "not directed their activities at South Carolina and . . . their contacts with South Carolina [could not] fairly be described as continuous and systematic so as to satisfy due process"); *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 (finding due process requires a defendant possess minimum contacts with the forum state such that maintenance of suit does not offend traditional notions of fair play and substantial justice.).

2.     Appellant argues the circuit court erred in focusing on evidence of whether LG served a consumer standalone market for the 18650 Battery and argues the court erred in finding unrelated business activities do not support specific jurisdiction.[1] We disagree.[2] The court found no evidence satisfied Appellant's burden of proof on jurisdiction.[3] Neither the financial statements nor the

---

[1] Appellant also argues the circuit court's holding is "antithetical to South Carolina's strict liability law." Because this issue was not ruled upon by the circuit court, we find it is not preserved for appellate review. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (explaining the requirement that to preserve an issue for appellate review it must be: "(1) raised and ruled upon by the trial court; (2) raised by the appellant; (3) raised in a timely manner; and (4) raised to the trial court with sufficient specificity.").

[2] We combine issues 2 and 3.

[3] Appellant filed a memorandum and exhibits in opposition to LG's motion to dismiss. In support, Appellant attached a spreadsheet of LG imports to the Port of Charleston dating back to 2009 (the Import Data), LG's 2017 and 2018 financial

Certificate of Authority established any suit-related contacts between LG Chem and South Carolina. Further, the Import Data "show[s] only that LG Chem directed unrelated business to South Carolina entities," such as electric vehicle batteries and synthetic rubber. Appellant failed to show that non-party LGCAI's contacts could be imputed because it was a separate and distinct entity and, in any event, it did not engage in any suit-related activities with South Carolina. The court found that unrelated business activities in South Carolina did not support exercising personal jurisdiction over LG. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931, n.6 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). Appellant relies on *Ford Motor Company v. Montana Eighth Judicial District Court*, 592 U.S. 351 (2021). In *Ford*, vehicles involved in accidents that led to lawsuits were originally sold outside the forum states, Montana and Minnesota. 592 U.S. at 356. Ford moved to dismiss two suits for lack of personal jurisdiction. *Id.* "According to Ford, the state court[s] . . . had jurisdiction only if the company's conduct in the State had given rise to the plaintiff's claims." *Id.* Further, "that causal link existed . . . only if the company had designed, manufactured, or—most likely—sold in the State the particular vehicle involved in the accident." *Id.* The Supreme Court disagreed, finding because Ford had "systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs alleged had malfunctioned and injured them in those States, . . . there was a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Id.* at 365. The Supreme Court concluded that this served as a legitimate basis upon which the forum states could exercise specific personal jurisdiction over Ford. *Id.* at 366-68. We agree with the circuit court's distinction of *Ford*. The circuit court noted the *Ford* court "took care to point out that its decision was based on Ford's admitted in-state activities for the specific vehicles at issue—not just Ford cars, but specifically Ford Explorers and Crown Victorias." Thus, although Ford did not bring the specific vehicles to the forum states, it engaged in extensive activities in the forum states. Here, it was third-parties that supplied consumers with the batteries at issue. We find the circuit court did not err in considering evidence of whether LG served a consumer standalone market for the 18650 Battery and in finding that LG's activities of shipping unrelated products to South Carolina are not sufficiently related to Appellant's claims.

---

statements, a Certificate of Authority and Business Registration for LG's subsidiary, LGCAI, and several orders from South Carolina and North Carolina courts.

3.    Appellant argues the lower court erred in finding the stream of commerce theory does not support a finding of specific jurisdiction. We disagree. The circuit court found the stream of commerce theory did not support the exercise of specific jurisdiction over LG, and adopted LG's argument that *State v. NV Sumatra Tobacco Trading, Co.*[4] was factually distinguishable. The court found the evidence provided by LG established it did not design, manufacture, distribute, advertise, or sell its 18650 Battery directly to or for use by consumers, in South Carolina or anywhere else, as standalone, replaceable batteries. The court held the fact Appellant purchased the product in South Carolina was not sufficient, even if LG was aware that third parties might sell its product to consumers in the state without authorization, because the foreseeability aspect of the due process analysis "'is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" *Sumatra*, 379 S.C. at 89, 666 S.E.2d at 222 (quoting *World-Wide Volkswagen Corp. v Woodson*, 444 U.S. 286, 297 (1980)). We agree with this distinction of *Sumatra*. There, our supreme court affirmed the circuit court's finding of specific jurisdiction because Sumatra possessed minimum contacts with South Carolina via the stream of commerce theory. *Id.* at 90, 666 S.E.2d at 222-23. Sumatra admitted it: (1) manufactured the brand of cigarette at issue (United); (2) owned the United States trademark for United cigarettes; and (3) packaged the cigarettes in cartons bearing United States' health warnings. *Id.* at 90, 666 S.E.2d at 223. Additional evidence from the Department of Revenue showed almost 7 million United brand cigarettes were sold in South Carolina in one year alone. *Id.* Contact with the forum state in *Sumatra* was established through Sumatra's own admissions, as well as the Department of Revenue's report showing the large volume of specific United brand cigarette sales in South Carolina. Accordingly, Sumatra could reasonably expect to be haled to court in South Carolina based on its own actions. That evidence is not present here. Further, LG denies designing, manufacturing, distributing, advertising, or selling the 18650 Batteries as standalone, replaceable batteries for consumer use in South Carolina or anywhere else. LG claims it did not authorize any third-party to do so either. We agree the Import Data only shows unrelated business activities within South Carolina, which have no bearing on specific jurisdiction, and LG's conduct and connection to South Carolina as it relates to the 18650 Battery is not such that LG would reasonably anticipate being haled to court in this state. Any intermediary action that allowed for the 18650 Batteries to end up in South Carolina for use as standalone consumer products was not on behalf of or authorized by LG. *See Aviation Assocs. & Consultants, Inc. v. Jet Time, Inc.*,

_____

[4] 379 S.C. 81, 666 S.E.2d 218 (2008).

303 S.C. 502, 507, 402 S.E.2d 177, 180 (1991) ("[T]he focus must center on the contacts generated by the defendant, and not on the unilateral actions of some other entity."); *Allen v. Columbia Fin. Mgmt., Ltd.*, 297 S.C. 481, 490, 377 S.E.2d 352, 357 (Ct. App. 1988) (declining to attribute the contacts of one alleged conspirator to another alleged conspirator.); *Ford*, 592 U.S. at 359 (the relevant "contacts must be the defendant's own choice"); *Power Prods. & Servs. Co. v. Kozma*, 379 S.C. 423, 431, 665 S.E.2d 660, 664 (Ct. App. 2008) (holding "the due process requirement mandates the defendant possess sufficient minimum contacts with the forum state such that he could reasonably anticipate being haled into court there"). We find the stream of commerce theory does not support the exercise of specific jurisdiction over LG.

4.      Appellant argues it satisfied the fairness prong of the due process analysis,[5] and the court's "minimal analysis" of this prong was improper. We disagree. The court held that because Appellant failed to satisfy the power prong, it need not reach the fairness prong. Because we agree with the circuit court's finding that LG did not have the requisite minimum contacts with South Carolina to satisfy the power prong, we likewise agree that the circuit court did not need to address the fairness prong. *See S. Plastics Co. v. Southern Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992) (finding the plaintiff bears the burden of proving both prongs and "if either prong fails, the exercise of personal jurisdiction over the defendant fails to comport with the requirements of due process.").

**CONCLUSION**

Based on the foregoing, the order of the circuit court is

**AFFIRMED.**

**CURTIS, J., concurs.**

---

[5] Courts apply a two-pronged analysis when determining whether a defendant possesses minimum contacts with the forum state such that maintenance of suit does not offend traditional notions of fair play and substantial justice. *Cribb v. Spatholt*, 382 S.C. 490, 499, 676 S.E.2d 714, 719. "The court must (1) find that the defendant has the requisite minimum contacts with the forum, without which, the court does not have the 'power' to adjudicate the action and (2) find the exercise of jurisdiction is reasonable or fair." *Id.* These prongs are referred to as the power and fairness prongs.

**HEWITT, J., dissenting:** With deep respect for my colleagues in the majority, I dissent. I believe the complaint sufficiently alleges facts that support specific personal jurisdiction, if those facts are true. *See Cribb v. Spatholt*, 382 S.C. 490, 498–500, 676 S.E.2d 714, 718–19 (Ct. App. 2009) (explaining the prongs necessary to determine whether specific jurisdiction is proper). The complaint alleges that LG Chem's pervasive activities in the lithium-ion battery industry are such that it should reasonably anticipate being sued in this sort of case in South Carolina. As I read the filings, LG Chem has not denied that it placed this battery in the stream of commerce, that it regularly does business in South Carolina, or even that it distributes this type of battery with the reasonable expectation that the batteries will be used in this way in South Carolina.

This issue is dividing courts around the country. Some courts considering similar cases have found in favor of specific jurisdiction and others have reached the opposite decision. Some of these different outcomes turn on the facts of the particular cases or on the forum's rules for specific personal jurisdiction, but I am generally persuaded by the cases rejecting the core argument LG Chem advances here, which is that there can be no specific personal jurisdiction unless LG Chem purposefully sold and distributed these batteries as standalone products. *See Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023); *LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 343–44 (Tex. 2023); *Dilworth v. LG Chem, Ltd.*, 355 So. 3d 201, 210–11 (Miss. 2022). South Carolina has a strong interest in adjudicating the claim of a South Carolina plaintiff who purchased a product in South Carolina and was injured in South Carolina. We should not hesitate to exercise jurisdiction if, as alleged here, LG Chem's conduct is such that it should reasonably expect to be subject to this sort of suit in this state.